# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **SHAUNDRA STROZIER** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION FILE No. |
| | ) |
| v. | ) _____ |
| | ) |
| | ) JURY TRIAL DEMANDED |
| **PRESTIGE HEALTHCARE** | ) |
| **ATLANTA, LLC, and** | ) |
| **CHARIS TRENCH-SIMMONS** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Shaundra Strozier ("Strozier" or "Plaintiff"), by and through the undersigned counsel of record, hereby file this Complaint for Damages against Prestige Healthcare Atlanta, LLC ("Prestige Healthcare") and Charis Trench-Simmons (collectively, "Defendants"), showing the Court as follows:

## NATURE OF COMPLAINT

1.

This action is brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") and a state law claim for breach of contract. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1343.

2.

The venue of this action is properly pursuant to 28 U.S.C. § 1391 because Defendant Prestige Healthcare conducts business in the Northern District of Georgia and the unlawful conduct complained of herein occurred in this district and division.

**PARTIES**

3.

Plaintiff Shaundra Strozier is a citizen of the United States, a resident of the State of Georgia, and is subject to the jurisdiction of this Court.

4.

Defendant Prestige Healthcare is a Domestic Limited Liability Company organized and existing under the laws of the state of Georgia. Defendant's principle business office located at 3886 Princeton Lakes Way, Suite 280, Atlanta, GA, 30331. Defendant Prestige Healthcare may be served with Summons and Process through its registered agent, Charis J Trench-Simmons, 3886 Princeton Lakes Way, #280, Fulton, Atlanta, GA, 30331.

5.

At all relevant times, Defendant Prestige Healthcare has continuously been an employer engaged in an industry affecting commerce within the meaning of FLSA, 29 U.S.C. §203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C.

§203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §203(s)(1), 206 and 207.

6.

Dr. Charis Trench-Simmons is one of the two owners of Prestige Healthcare. The other owner is her husband Dr. Lorenzo Simmons. Defendant Charis Trench-Simmons may be served with Summons and Process at 3886 Princeton Lakes Way, #280, Fulton, Atlanta, GA, 30331.

7.

Defendant Trench-Simmons was involved in the day-to-day operations of Prestige Healthcare, had authority to hire and fire employees and directed Plaintiff's work.

8.

At all times relevant to this action, Plaintiff Shaundra Strozier was Defendant's "employee" as defined by FLSA §3(e), 29 U.S.C. §203(e), performed non-exempt work for Defendant.

9.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

**STATEMENT OF FACTS**

10.

On or about January 9, 2014, Plaintiff began her employment with Defendant as a Medical Assistant. Plaintiff's primary responsibilities included answering the phone and verifying client's insurance policies.

11.

During the relevant period, Defendant paid Plaintiff a wage of $13.75 per hour.

12.

From January 2014 to July 2016, Plaintiff worked from 8:30 a.m. to 7:30 p.m., sometimes till 8:00 p.m., on Monday through Thursday, and from 8:30 a.m. to 3:00 p.m. on Friday. From July 2016 to January 2017, Plaintiff worked from 8:30 a.m. to 6:00 p.m. on Monday through Thursday, and from 8:30 a.m. to 3:00 p.m. on Friday.

13.

Defendant Trench-Simmons was aware that Plaintiff was working overtime, but never paid Plaintiff overtime compensation for hours Plaintiff worked in excess of forty (40) hours in any given work week.

14.

Because of overtime and stress from work, Plaintiff was sick in or around September 2016. Plaintiff was absent from work for six weeks because of her sickness.

15.

When Plaintiff returned to work, Defendant Trench-Simmons told Plaintiff that she would be paid for her sick leave. Defendant Trench-Simmons also represented to Plaintiff that she had prepared the documents for Plaintiff's paid sick leave.

16.

Several weeks later, Plaintiff asked Defendant Trench-Simmons about the payment for her sick leave as well as overtime. Defendant Trench-Simmons refused to pay Plaintiff.

17.

Plaintiff then asked since Defendant refused to pay for her overtime or sick leave, whether Plaintiff could have a raise in salary. Defendant Trench-Simmons answered "No."

18.

Till the filing date of this complaint, Plaintiff still has not received any payment for her overtime or sick leave.

19.

During Plaintiff's employment with Defendant, Plaintiff always had good annual evaluations.

20.

On January 12, 2017, Plaintiff asked whether she could leave early the next day, which was a Friday. Dr. Lorenzo Simmons gave Plaintiff the permission to leave early. The next day Plaintiff left the office around 2:00 p.m.

21.

On Fridays, Prestige Healthcare stops receiving clients from 1:00 p.m., and closes its office at 3:00 p.m.

22.

On Monday January 16, 2017, Defendant Trench-Simmons told Plaintiff that she would give Plaintiff a write-up for leaving early on the previous Friday without noticing Mia Williams, the office manager. Plaintiff explained that Williams was out of town with Defendant Trench-Simmons, and she noticed Dr. Lorenzo Simmons and got his permission to leave early.

23.

Defendant Trench-Simmons gave Plaintiff a write-up despite Plaintiff's explanation. Plaintiff refused to sign the write-up.

24.

Plaintiff was terminated from her job with Defendant Prestige Healthcare on January 18, 2017, less than two months after complaining about the payment for overtime and sick leave.

## COUNT ONE
## VIOLATION OF THE FLSA

25.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

26.

Defendants have violated FLSA 7, 29 U.S.C. 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

27.

Defendants routinely required Plaintiff to work more than forty (40) hours per week without overtime compensation.

28.

Defendants' actions, policies, and/or practices described above are in violation of the FLSA's overtime requirements as they fail to adequately compensate Plaintiffs for time spent on work activities as described herein.

29.

Defendants knew, or showed reckless disregard for the fact that it failed to pay Plaintiffs' overtime compensation in violation of the FLSA.

30.

Defendants failed to accurately report, record and/or preserve records of hours worked by Plaintiffs, and thus have failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of FLSA.

31.

Defendants' conduct was willful and in bad faith.

**COUNT TWO**
**RETALIATION IN VIOLATION OF THE FLSA**

32.

Plaintiff hereby incorporate all previous Paragraphs as if fully restated herein.

33.

Plaintiff engaged in statutorily protected conduct under the FLSA by opposing an employment practice she reasonably believed was unlawful under the FLSA when Plaintiff complained about not being paid overtime.

34.

Plaintiff suffered an adverse action as a result of her statutorily protected conduct. To wit, Defendant terminated her employment shortly after Plaintiff complained about not being fully compensated.

35.

Plaintiff's statutorily protected activity was the motivating factor in the Defendants' decision to terminate her employment.

36.

As a direct and proximate result of the retaliation, Plaintiff has sustained financial losses and mental anguish for which she is entitled to recover from Defendants.

## **COUNT THREE**
## **BREACH OF CONTRACT**

37.

Plaintiffs hereby incorporate all previous Paragraphs as if fully restated herein.

38.

Plaintiff and Defendants entered into an agreement whereby Defendants would pay Plaintiff for six weeks of leave at her regular wage and Plaintiff would continue her employment with Defendants.

39.

Defendants breached this agreement by failing to pay Plaintiff for her sick leave.

40.

As the direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1) Grant Plaintiff a trial by jury as to all triable issues of fact;

2) Grant declaratory judgment that Plaintiff's rights under the FLSA and her state law claim;

3) Award to Plaintiff compensatory damages in an amount to be determined by a jury;

4) Award appropriate back pay, including reimbursement for lost salary, bonuses, incentive compensation, pension, social security, and other benefits in amounts to be shown at trial;

5) Award Plaintiff pre-judgment interest on any award of back pay and lost benefits made by the jury as required by law;

6) Award liquidated damages equal to back pay and lost benefits for Defendant's willful violations of the FLSA;

7) Award punitive damages in an amount reasonable and commensurate with the harm done and calculated to be sufficient to deter such conduct in the future;

8) Award Plaintiff attorneys' fees, costs, and disbursements; and

9) Award Plaintiff such further and additional relief as may be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff herein demands a trial by jury of all issues in this action.

Respectfully submitted, this 29th day of June, 2017.

**MOLDEN & ASSOCIATES**

/s/ Regina S. Molden
Regina S. Molden
Georgia Bar No.: 515454

**MOLDEN & ASSOCIATES**
Peachtree Center – Harris Tower
233 Peachtree Street NE, Suite 1245
Atlanta, Georgia 30303
Telephone: (404) 324-4500
Facsimile: (404) 324-4501
Email: RMolden@moldenlaw.com;
*Attorney for Plaintiff*

# CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that Plaintiff's Complaint for Damages complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia. Counsel hereby states that Plaintiff's Complaint for Damages has been typed in Times New Roman 14 point.

This 29th day of June, 2017.

/s/ Regina S. Molden
Regina S. Molden
Georgia Bar No.: 515454